1  BAKER BOTTS LLP
   Scott Partridge (*Pro Hac Vice* pending)
2  Howard Speight (*Pro Hac Vice* pending)
   Amanda Woodall Mayor (*Pro Hac Vice* pending)
3  One Shell Plaza
   910 Louisiana Street
4  Houston, Texas 77002-4995
   Telephone: (713) 229-1234
5  Facsimile: (712) 229-1522

6  WINSTON & STRAWN LLP
   Michael A. Sweet (SBN 184345)
7  101 California Street, Suite 2900
   San Francisco, California 94111
8  Telephone Number: 415.591.1000
   Facsimile Number: 415.591.1400

9

10 Attorneys for Defendant
   NCR CORP.

11

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTELLISYNC CORP., a Delaware corporation, | **Case No. C04 03804 PJH** |
| Plaintiff, | **DEFENDANT NCR CORP.'S NOTICE OF MOTION TO DISMISS** |
| vs. | Complaint Filed: September 9, 2004 |
| NCR CORP., a Maryland corporation, | |
| Defendant. | Hearing Date: November 3, 2004<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 3 |

PLEASE TAKE NOTICE that a hearing on NCR Corp.'s Motion to Dismiss will be held on November 3, 2004, at 9:00 a.m. Pursuant to Civil L.R. 7-3(a), any opposition to this motion must be filed and served not less than 21 days before the hearing date

Dated: September 29, 2004

WINSTON & STRAWN LLP

By [signature]
Michael A. Sweet
Attorneys for Defendant
NCR CORP.

1  BAKER BOTTS LLP
   Scott Partridge (*Pro Hac Vice* pending)
2  Howard Speight (*Pro Hac Vice* pending)
   Amanda Woodall Mayor (*Pro Hac Vice* pending)
3  One Shell Plaza
   910 Louisiana Street
4  Houston, Texas 77002-4995
   Telephone:  (713) 229-1234
5  Facsimile:  (712) 229-1522

6  WINSTON & STRAWN LLP
   Michael A. Sweet (SBN 184345)
7  101 California Street, Suite 2900
   San Francisco, California  94111
8  Telephone Number:  415.591.1000
   Facsimile Number:  415.591.1400
9
   Attorneys for Defendant
10 NCR CORP.

11                    **UNITED STATES DISTRICT COURT**

12                 **NORTHERN DISTRICT OF CALIFORNIA**

13

14 INTELLISYNC CORP., a Delaware          **Case No. C04 03804 PJH**
   corporation,
15
                  Plaintiff,              **NCR'S FED. R. CIV. P. 12(b)(1)**
16                                        **MOTION TO DISMISS**

17        vs.                            Complaint Filed:      September 9, 2004

18 NCR CORP., a Maryland corporation,    Hearing Date: November 3, 2004
                                         Hearing Time: 9:00 a.m.
                  Defendant.             Location:      Courtroom 3
19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**NCR'S MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Defendant, NCR Corporation ("NCR"), respectfully moves this Court to dismiss the declaratory judgment claims of Plaintiff, Intellisync Corporation ("Intellisync"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and respectfully would show the Court the following:

**I.**
**INTRODUCTION**

This Court lacks jurisdiction over the subject matter of Intellisync's declaratory judgment action against NCR. Intellisync brought this action against NCR seeking a declaration that U.S. Patent No. 6,473,765 ("the '765 Patent") is invalid and not infringed by Intellisync. NCR has attached hereto as an exhibit a Statement of Non-Liability unequivocally stating that Intellisync has no liability either to NCR or to any successors-in-interest to the '765 Patent for infringement of the '765 Patent. Because this Statement of Non-Liability removes any reasonable apprehension that Intellisync will face an infringement suit on the '765 Patent, no justiciable controversy exists between the parties regarding the '765 Patent. Accordingly, this Court lacks jurisdiction over the subject matter of Intellisync's declaratory judgment claims and should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

**II.**
**ARGUMENT**

A declaratory judgment action may be brought only to resolve an "actual controversy" between "interested parties." 28 U.S.C. § 2201(a). This controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests," *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937), and it must be "extant at all stages of review, not merely at the time the complaint is filed." *Presier v. Newkirk*, 422 U.S. 395, 401 (1975). The burden is on the party seeking the declaration "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the complaint was filed." *Int'l Med. Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 575 (Fed. Cir. 1986).

NCR Fed. R. Civ. P. 12(b)(1) Motion To Dismiss

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    The Federal Circuit employs a two part, objective test to determine whether a

2    declaratory action involves a justiciable controversy:  "there must be both (1) an explicit threat or

3    other action by the patentee, which creates a reasonable apprehension on the part of the

4    declaratory plaintiff that it will face an infringement suit, and (2) present activity [by the

5    declaratory plaintiff] which could constitute infringement or concrete steps taken with the intent

6    to conduct such activity."  *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058

7    (Fed. Cir. 1995).

8    No justiciable controversy exists between Intellisync and NCR in connection with

9    the '765 Patent.  NCR's Statement of Non-Liability unequivocally states that Intellisync has no

10   liability either to NCR or to any successors-in-interest to the '765 Patent for infringement of the

11   '765 Patent:

> Intellisync Corp. has no liability to NCR Corporation or any
> successors-in-interest to U.S. Patent No. 6,473,765 B1 (the "'765
> Patent") for infringement of the '765 Patent, and NCR Corporation
> and any successors-in-interest to the '765 Patent will not sue
> Intellisync Corp. for infringement of the '765 Patent.

15   *See* Ex. 1 (Statement of Non-Liability).  NCR's Statement of Non-Liability removes any

16   "reasonable apprehension" Intellisync may have had that it would be sued for infringement of the

17   '765 Patent.  No actual controversy exists to support subject matter jurisdiction for this action.

18   Accordingly, dismissal is required under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

19   The Federal Circuit's recent decision in *Intellectual Property Development, Inc. v.*

20   *TCI Cablevision of California*, 248 F.3d 1333 (Fed. Cir. 2001), further compels this conclusion.

21   In *Intellectual Property Development*, the plaintiff filed suit alleging that the defendant had

22   infringed its rights in a particular patent.  The defendant, in turn, filed a counterclaim seeking a

23   declaration that the patent was invalid, unenforceable, and not infringed.  After voluntarily

24   dismissing its infringement claims, the plaintiff moved to dismiss the defendant's counterclaim

25   for declaratory judgment.  Accompanying the motion to dismiss was a "Statement of Non

26   Liability" stating that the defendant had no liability to the plaintiff or any successors-in-interest

27   for infringement of the patent-in-issue.  *Id.* at 1338.  The district court dismissed the action, and

28   the Federal Circuit affirmed, noting that "the statement of non-liability divested the district court

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2

NCR Fed. R. Civ. P. 12(b)(1) Motion To Dismiss.

1   of Article III jurisdiction." *Id.* at 1342.  Notably, the Federal Circuit rejected the defendant's

2   argument that jurisdiction remained because it could still be required to indemnify third parties

3   sued for infringement of the patent. *Id.* at 1341-42.

4   As in Intellectual *Property Development*, the Statement of Non-Liability signed by

5   NCR divests this Court of jurisdiction to entertain Intellisync's declaratory judgment action.

6   Indeed, NCR's Statement of Non-Liability tracks the language examined by the court in

7   *Intellectual Property Development* verbatim.  NCR and all successors-in-interest to the '765

8   Patent are estopped from asserting any claim against Intellisync for past or future infringement of

9   the '765 Patent.  Accordingly, Intellisync can have no "reasonable apprehension" that it will face

10  an infringement suit, and no actual controversy exists. *Id.; see also Super Sack Mfg. Corp.*, 57

11  F.3d at 1059 (concluding that patentee's promise not to sue "removes from the field any

12  controversy sufficiently actual to confer jurisdiction" over defendant's declaratory judgment

13  claim); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636 (Fed. Cir. 1991) (finding that

14  patentee's statement of non-liability eliminated subject matter jurisdiction, even though patent-in-

15  issue was subject of reissue application).  Because no actual controversy exists, this Court lacks

16  jurisdiction over the subject matter of Intellisync's declaratory judgment claims.  Intellisync's

17  complaint for declaratory judgment must be dismissed pursuant to Rule 12(b)(1) of the Federal

18  Rules of Civil Procedure.

### III.
### CONCLUSION

19

20  For the foregoing reasons, NCR respectfully requests that this Court dismiss

21  Intellisync's declaratory judgment claims against it pursuant to Rule 12(b)(1) of the Federal Rules

22  of Civil Procedure and for such other and further relief as the Court may deem appropriate.

23  Dated:   September 29, 2004              WINSTON & STRAWN LLP

24

25

26  By: _____

27              Michael A. Sweet
              Attorneys for Defendant
28              NCR CORP.

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

3